IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CAPCO ENERGY, INC., f/k/a | § | CASE NO. 08-32282 |
| AMCO PETROLEUM, INC. | § | |
| | § | |
| TAX ID. NO. 84-0846529 | § | |
| | § | |
| CAPCO ASSET MANAGEMENT, INC. | § | CASE NO. 08-32283 |
| | § | |
| TAX ID. NO. 33-0874100 | § | |
| | § | |
| CAPCO OPERATING CORPORATION | § | CASE NO. 08-32284 |
| | § | |
| TAX ID. NO. 20-0120017 | § | |
| | § | |
| AMCO ENERGY, INC., f/k/a | § | CASE NO. 08-32285 |
| CAPCO OFFSHORE, INC. | § | |
| | § | |
| TAX ID. NO. 43-1967164 | § | |
| | § | |
| CAPCO OFFSHORE OF TEXAS, INC. | § | CASE NO. 08-32286 |
| f/k/a AMCO OFFSHORE, INC. | § | |
| | § | |
| TAX ID. NO. 20-5376533 | § | |
| | § | |
| PACKARD GAS COMPANY f/k/a | § | CASE NO. 08-32288 |
| AMCO OIL COMPANY | § | |
| | § | |
| TAX ID. NO. 75-2436530 | § | |
| | § | |
| SOLANO WELL SERVICES, LLC | § | CASE NO. 08-32289 |
| | § | |
| TAX ID. NO. 06-1742286 | § | |
| | § | (JOINT ADMINISTRATION |
| Debtors | § | REQUESTED) |

**APPLICATION FOR INTERIM AND FINAL APPROVAL OF EMPLOYMENT OF CRAIG CAVALIER AS ATTORNEY FOR THE DEBTORS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

**Capco Energy, Inc. f/k/a Amco Petroleum, Inc., Capco Asset Management, Inc., Capco Operating Corporation, Amco Energy, Inc. f/k/a Capco Offshore, Inc., Capco Offshore of Texas, Inc. f/k/a Amco Offshore, Inc., Packard Gas Company f/k/a Amco Oil Company, and Solano Well Services, LLC**, (collectively, "Capco et al" or, the "Debtors") the Debtors and Debtors-in-Possession in the above-captioned case, file this Application for Interim and Final Approval of Employment of Craig Cavalier as Attorney for the Debtors (the "Application"). In support of the Application, the Debtors rely on the Affidavit of Craig Cavalier in Support of the Application (the "Cavalier Affidavit") submitted herewith. The Debtors present this Application and respectfully represents the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested in the Application is authorized under 11 U.S.C. § 327 and may be implemented in accordance with Fed.R.Bankr.P 2014. This Application also includes an initial disclosure required by 11 U.S.C. § 329, Fed.R.Bankr.P 2016(b), and Local Bankruptcy Rule 2016.1.

## PROCEDURAL BACKGROUND

2. On April 7, 2008 (the Petition Date"), the Debtors filed Voluntary Petitions in this court for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code"). The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No creditors' committee has yet been appointed in this case by the United States Trustee. Further, no trustee or examiner has been requested or appointed in any of the Debtors' Chapter 11 cases.

## RETENTION OF CRAIG CAVALIER

4. Craig Cavalier has represented the Debtors since the filing. By this Application, the Debtors seek to employ and retain Craig Cavalier as their counsel in connection with various matters, including the Debtors' commencement and prosecution of their Chapter 11 cases as described herein, *nunc pro tunc* to the Petition Date. Pursuant to Section 327(a) of the Bankruptcy Code, the Debtors request that the Court approve the employment of Craig Cavalier as their counsel to perform the extensive legal services that will be necessary during these Chapter 11 cases. The Debtors have been informed that Craig Cavalier will act as counsel for the Debtors in this Chapter 11.

5. The Debtors have selected Craig Cavalier as counsel because of his extensive experience in bankruptcy and reorganization matters. In the past, Mr. Cavalier has represented parties in many of the major bankruptcy cases in the Southern District of Texas including *In re: Continental Airlines, Inc.*; *In re: Global Marine, Inc.*; *In re: Premiere Mortgage*; and *In re: Digicon, Inc*. Mr. Cavalier's bankruptcy practice is oriented equally to both representation of the creditor and the debtor. Representation has been in all phases of reorganization: pre-petition, post-petition, out of court arrangements and financing.

6. Mr. Cavalier's experience includes every major aspect of bankruptcy: stay litigation, executory contracts and unexpired leases, preferences and fraudulent conveyances, financing and cash collateral orders, exemptions, discharge, plan confirmation and conversion, asset recovery and appeals. Mr. Cavalier has represented numerous potential purchasers in the acquisition of

assets from bankruptcy proceedings and has testified as an expert on bankruptcy law in numerous cases. Mr. Cavalier periodically serves as bankruptcy counsel for both International Bank of Commerce and Texas State Bank f/k/a Riverway Bank, each of whom have large consumer finance portfolios. Most recently, Mr. Cavalier has represented Ninfa's Holdings, L.P. (which acquired all of Ninfa's operations out of a prior bankruptcy proceeding) in restructuring its debt to the Liquidating Trustee. Mr. Cavalier has represented Rives Carlberg, L.P. in the confirmation of a 100% Plan of Reorganization. The Debtors believe that Craig Cavalier is fully qualified to deal effectively and efficiently with many of the potential legal issues and problems that may arise in the context of the Debtors' Chapter 11 cases.

7. The employment of Craig Cavalier is appropriate and necessary to enable the Debtors to execute faithfully their duty as debtors and debtors-in-possession. Subject to further order of this Court, it is proposed that Craig Cavalier be employed to work as counsel to:

a. take all necessary actions to protect and preserve the estates of the Debtors, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

b. prepare on behalf of the Debtors all necessary motions, applications, answers, orders, reports, and papers in connection with the administration and prosecution of the Debtors' Chapter 11 cases;

c. assist the Debtors in connection with any proposed sale of assets pursuant to Bankruptcy Code section 363;

d. advise the Debtors in respect of bankruptcy or other such services as requested; and

e. perform all other legal services in connection with these Chapter 11 cases.

8. It is necessary that the Debtors employ counsel to render the foregoing professional services. Craig Cavalier has stated its desire and willingness to act as counsel in these Chapter 11 cases and render the necessary professional services as attorney for the Debtors.

## CRAIG CAVALIER 'S CONNECTIONS AND LACK OF CONFLICTS

9. To the best of the Debtors' knowledge, Craig Cavalier does not have any connection with, or any interest adverse to, the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants as set forth herein and in the annexed Craig Cavalier *Affidavit*.

## PROPOSED ARRANGEMENT FOR COMPENSATION

10. Prior to the Petition Date, Craig Cavalier received payment from the Debtors in the amount of $10,000.00 for services rendered and expenses incurred in connection with the preparation of this Chapter 11 case and other related matters.  Such amount has been applied to all outstanding pre-petition fees and expenses incurred.  In addition, Craig Cavalier received from the Debtor a retainer in the amount of $75,000.00 for services to be rendered and expenses to be incurred in connection with the representation of the Debtors in this Chapter 11 case (of which $9,270.00 was applied to prepetition work).  Craig Cavalier also received from the Debtors a pre-payment of the approximately $7,300.00 in filing fees to be incurred in the filing of this case.

11. Subject to Court approval, and in accordance with § 330(a) of the Bankruptcy Code, compensation will be payable to Craig Cavalier on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Craig Cavalier.  The attorneys and paralegals who will represent the Debtors along with their current standard hourly rates are set forth below:

      a. Craig Cavalier: $350.00 per hour;

      b. James B. Jameson, Of Counsel: $325.00 per hour.
(Mr. Jameson is not an employee of Mr. Cavalier but will serve with Mr. Cavalier in an Of Counsel role to his firm.)

      c. Associates: $150.00 to $250.00 per hour

        d. Paralegal:                       $75.00 per hour.

12. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. From time to time, other attorneys and paralegals of Craig Cavalier may serve the Debtors in connection with the matters for which Craig Cavalier will be retained. Mr. Cavalier has also employed Mr. James Jameson in an Of Counsel role. Mr. Jameson is *not* an employee of Mr. Cavalier but will serve with Mr. Cavalier in an Of Counsel role to his firm and will compensated by Mr. Cavalier on an hourly basis which may be less than the hourly rate charged. This will cover administrative costs and expenses and may yield some profit to the firm.

13. The hourly rates set forth above are Craig Cavalier's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Craig Cavalier for the work of his attorneys and paralegals and to cover fixed and routine overhead expenses. It is Craig Cavalier's policy, in all areas of practice, to charge his clients for all additional expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," and computerized research. Craig Cavalier will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Craig Cavalier's other clients and consistent with applicable U.S. Trustee guidelines.

14. Craig Cavalier's compliance with the requirements of Sections 330, 504, and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, as well as the Local Rules of this Court, is set forth in detail in the Craig Cavalier Affidavit.

**REQUEST FOR APPROVAL**

15. Craig Cavalier began performing post bankruptcy services for the Debtors on or about filing date. In order to ensure the prompt presentation of this Application, the Debtors request that the Court consider this Application as soon as is convenient for the Court and grant the relief requested herein.

16. Notice of this Application has been given to the Office of the United States Trustee for the Southern District of Texas and any person requesting notice. The Debtors submit that no other or further notice need be provided.

17. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order approving the Debtors' Application for Employment of Craig Cavalier as Attorney for the Debtors as requested herein and for such other and further relief as is just and equitable.

Respectfully submitted this 7th day of April, 2008.

(Signatures on Next Page)

| | |
|---|---|
| **CAPCO ENERGY, INC. f/k/a AMCO PETROLEUM, INC.,**<br>Debtor-In-Possession | **CAPCO OFFSHORE OF TEXAS, INC., f/k/a AMCO OFFSHORE, INC.**<br>Debtor-In-Possession |

By:   /s/ Mike Myers
      Mike Myers, President
      5555 San Felipe, Ste. 725
      Houston, TX  77056
      713-622-5550-Telephone
      713-622-……- Facsimile

By:   /s/ Mike Myers
      Mike Myers, President
      5555 San Felipe, Ste. 725
      Houston, TX  77056
      713-622-5550-Telephone
      713-622-……- Facsimile

**CAPCO ASSET MANAGEMENT, INC.,**
Debtor-In-Possession

**AMCO OIL COMPANY f/k/a PACKARD GAS COMPANY,**
Debtor-In-Possession

By:   /s/ Mike Myers
      Mike Myers, President
      5555 San Felipe, Ste. 725
      Houston, TX  77056
      713-622-5550-Telephone
      713-622-……- Facsimile

By:   /s/ Mike Myers
      Mike Myers, President
      5555 San Felipe, Ste. 725
      Houston, TX  77056
      713-622-5550-Telephone
      713-622-……- Facsimile

**CAPCO OPERATING CORPORATION,**
Debtor-In-Possession

**SOLANO WELL SERVICES, LLC,**
Debtor-In-Possession

By:   /s/ Mike Myers
      Mike Myers, President
      5555 San Felipe, Ste. 725
      Houston, TX  77056
      713-622-5550-Telephone
      713-622-……- Facsimile

By:   /s/ Mike Myers
      Mike Myers, President
      5555 San Felipe, Ste. 725
      Houston, TX  77056
      713-622-5550-Telephone
      713-622-……- Facsimile

**AMCO ENERGY, INC., f/k/a CAPCO OFFSHORE, INC.,**
Debtor-In-Possession

By:   /s/ Mike Myers
      Mike Meyers, President
      5555 San Felipe, Ste. 725
      Houston, TX  77056
      713-622-5550-Telephone
      713-622-……- Facsimile

## **VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE**

I hereby certify under penalty of perjury that a true and correct copy of the foregoing instrument has been served upon the U.S. Trustee via telecopy or electronic notice on this 7th day of April, 2008, to the following address:

> US Trustee
> 515 Rusk Street
> Suite 3516
> Houston, Texas 77002

    /s/ Craig H. Cavalier
**CRAIG H. CAVALIER**