IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| CAPCO ENERGY, INC., f/k/a AMCO PETROLEUM, INC. | § § § | CASE NO. 08-32282 |
| TAX ID. NO. 84-0846529 | § § § | |
| CAPCO ASSET MANAGEMENT, INC. | § § § | CASE NO. 08-32283 |
| TAX ID. NO. 33-0874100 | § § | |
| CAPCO OPERATING CORPORATION | § § | CASE NO. 08-32284 |
| TAX ID. NO. 20-0120017 | § § | |
| AMCO ENERGY, INC., f/k/a CAPCO OFFSHORE, INC. | § § § | CASE NO. 08-32285 |
| TAX ID. NO. 43-1967164 | § § | |
| CAPCO OFFSHORE OF TEXAS, INC. f/k/a AMCO OFFSHORE, INC. | § § § | CASE NO. 08-32286 |
| TAX ID. NO. 20-5376533 | § § | |
| PACKARD GAS COMPANY f/k/a AMCO OIL COMPANY | § § § | CASE NO. 08-32288 |
| TAX ID. NO. 75-2436530 | § § | |
| SOLANO WELL SERVICES, LLC | § § | CASE NO. 08-32289 |
| TAX ID. NO. 06-1742286 | § § | |
| Debtors | § § | (JOINT ADMINISTRATION REQUESTED) |

**AFFIDAVIT OF CRAIG CAVALIER IN SUPPORT OF THE APPLICATION FOR INTERIM AND FINAL APPROVAL OF THE EMPLOYMENT OF CRAIG <u>CAVALIER AS ATTORNEY FOR THE DEBTORS</u>**

STATE OF TEXAS           §
COUNTY OF HARRIS    §

BEFORE ME, the undersigned authority, on this day personally appeared Craig Cavalier, a person known to me who, after being duly sworn, upon his oath deposed and stated as follow:

**Background**

1. "I am an attorney licensed to practice law in the State of Texas and have been a member in good standing of the Texas Bar since 1985.  I am also admitted to practice before the United States Courts of Appeals for the Fifth Circuit and the United States District Court for the Southern District of Texas.

2. I am the sole attorney of my own law firm, Craig H. Cavalier, Attorney at Law

3. Pursuant to § 327(a) and Rule 2014(a), I make this Affidavit in Support of the Application (the "Application) for Interim and Final Approval of Employment of Craig Cavalier as Counsel for the Debtors.

**General Statement**

4. Neither I nor my firm represents any interest adverse to the Debtors, as required by 11 U.S.C. §§ 327(a), 328(a), 329 and 504; additionally, we are disinterested persons, except as set forth herein.

5. Except for the continuing representation of the Debtors, I will not represent any other entity in connection with these cases, and will not accept any fee from any other party or parties in these cases. Craig Cavalier is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code in that Craig Cavalier:

a. Is not acreditor, equity security holder, or an insider of the Debtors;

b. Is not and was not an investment banker for any outstanding security of the Debtors;

c. Has not been, within three (3) years before the date of the filing of the Debtors' Chapter 11 petitions, (i) an investment banker for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors;

d. Is not and were not, within two (2) years before the date of the filing of the Debtors' Chapter 11 petitions, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

e. Does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker specified in the subparagraph (b) or (c) of this paragraph.

6. Craig Cavalier has represented the Debtors since February 1, 2008. Prior to the Petition Date, Craig Cavalier received payment from the Debtors in the amount of $10,000.00 for services rendered and expenses incurred in connection with the preparation of this Chapter 11 case. In addition, Craig Cavalier received from the Debtor a retainer in the amount of $75,000.00 for services to be rendered and expenses to be incurred in connection with their representation of the Debtor in this Chapter 11 case (of which $9,270.00 was applied to pre-petition work). Craig Cavalier also received from the Debtors a pre-payment of the approximately $7,300.00 in filing fees to be incurred in the filing of this case.

7. Subject to Court approval, and in accordance with § 330(a) of the Bankruptcy Code, compensation will be payable to Craig Cavalier on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Craig Cavalier. The primary attorneys and paralegals who will represent the Debtors and their current standard hourly rates are set forth below:

    a. Craig Cavalier:    $350.00 per hour;

    b. James B. Jameson, Of Counsel:    $325.00 per hour

    c. Associates:    $150.00 to $250.00 per hour

    d. Paralegal:    $75.00 per hour.

8. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. From time to time, other attorneys and paralegals from Craig Cavalier may serve the Debtors in connection with the matters for which Craig Cavalier will be retained. As noted above, James B. Jameson will serve as Of Counsel to Craig Cavalier and assist in the representation of the Debtors at the hourly rate of $325.00 per hour. Mr. Jameson is not an employee of Mr. Cavalier but will serve with Mr. Cavalier in an Of Counsel role to his firm. Mr. Jameson does office with Mr. Cavalier and shares a secretary and paralegal assistant.

9. The hourly rates set forth above are Craig Cavalier's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Craig Cavalier for the work of his attorneys and paralegals and to cover fixed and routine overhead expenses. It is Craig Cavalier's policy, in all areas of practice, to charge his clients for all additional expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and

other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," and computerized research. Craig Cavalier will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to Craig Cavalier's other clients and consistent with applicable U.S. Trustee guidelines.

10. In view of the foregoing, I believe that Craig Cavalier (1) does not hold or represent an interest adverse to the Debtors, and (2) is a disinterested person as that term is defined in Section 101(1) of the Bankruptcy Code.

11. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct."

Further Affiant Sayeth Naught.

Signed this 7th day of April, 2008.

                                             /s/ Craig H. Cavalier  
                                             Craig Cavalier

**Subscribed and sworn to before me this 7th day of April, 2008.**

 **/s/ Kristilyn Joy Simon**  
        **(Notary Public Signature)**

                                                                                                                         **(Notary Seal)**

  **Kristilyn Joy Simon**  
**(Notary Public Printed or Typed Name)**  
**My commission expires:  June 17, 2011**