IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CAPCO ENERGY, INC. | § | CASE NO. 08-32282 |
| CAPCO ASSET MANAGEMENT, INC. | § | CASE NO. 08-32283 |
| CAPCO OPERATING CORPORATION | § | CASE NO. 08-32284 |
| AMCO ENERGY, INC. | § | CASE NO. 08-32285 |
| CAPCO OFFSHORE OF TEXAS, INC. | § | CASE NO. 08-32286 |
| PACKARD GAS COMPANY | § | CASE NO. 08-32288 |
| SOLANO WELL SERVICES, LLC | § | CASE NO. 08-32289 |
| | § | (JOINTLY ADMINISTERED |
| Debtors | § | UNDER CASE NO. 08-32282) |

**FEE APPLICATION COVER SHEET**

| | | |
|---|---|---|
| **Hearing Date:** | | 9/29/08 |
| Name of Applicants: | | Craig H. Cavalier |
| Authorized to Provide Professional Service to: | | Capco Energy, Inc., et al |
| Date Order of Appointment signed: | | 5/21/08 |
| Date Rule 2016(b) statement filed: | | 4/7/08 |
| Period for which Compensation and Reimbursement are sought: | | 4/7-7/31/08 |
| Total Professional Service Fees Sought: | | $165,124.00 |
| Total Hours expended: | | 610.67 |
| Professional rates: | high: | $350.00/hour |
| | low: | $325.00/hour |
| Staff rates: | high: | $75.00/hour |
| | low: | $75.00/hour |
| Blended hourly rate sought: | | |
| Total Expenses sought: | | $2,239.19 |
| Retainer amount: | | $75,000.00 |
| Previous applications amounts: | | N/A |
| Interim compensation received: | | $ 38,251.49 (after retainer depleted) |
| This is an: | interim application: | Yes (first) |
| | final application: | No |

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CAPCO ENERGY, INC. | § | CASE NO. 08-32282 |
| CAPCO ASSET MANAGEMENT, INC. | § | CASE NO. 08-32283 |
| CAPCO OPERATING CORPORATION | § | CASE NO. 08-32284 |
| AMCO ENERGY, INC. | § | CASE NO. 08-32285 |
| CAPCO OFFSHORE OF TEXAS, INC. | § | CASE NO. 08-32286 |
| PACKARD GAS COMPANY | § | CASE NO. 08-32288 |
| SOLANO WELL SERVICES, LLC | § | CASE NO. 08-32289 |
| | § | (JOINTLY ADMINISTERED |
| Debtors | § | UNDER CASE NO. 08-32282) |

**FIRST INTERIM FEE APPLICATION OF COUNSEL FOR THE
DEBTORS-IN-POSSESSION FOR ALLOWANCE OF
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD APRIL 7 THROUGH JULY 31, 2008**

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND TO EACH PARAGRAPH OF THIS MOTION, OBJECTING SPECIFICALLY. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY (20) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THIS NOTICE. OTHERWISE, THE COURT MAY TREAT THIS MOTION AS UNOPPOSED AND GRANT THE RELIEF SOUGHT.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY (20) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

**TO THE HONORABLE WESLEY W. STEEN, UNITED STATES BANKRUPTCY JUDGE:**

The Application of **CRAIG H. CAVALIER ("Applicant")** respectfully represents the following:

Applicant is counsel for the Debtors-in-Possession, **Capco Energy, Inc., Capco Asset Management, Inc., Capco Operating Corporation, Amco Energy, Inc., Capco Offshore of Texas, Inc., Packard Gas Company and Solano Well Services** ("Capco et al" or "Debtor"), in the above proceeding and makes this First Interim Application for Allowance of Compensation ("Application"), pursuant to §330 of the United States Bankruptcy Code ("Code"), for professional services rendered and for reimbursement of out-of-pocket expenses necessarily incurred by Applicant in the representation of the Debtor.

## Proceedings

1. Title 11 of the United States Bankruptcy Code ("Bankruptcy Code") §330 permits professional persons to apply to the Court for compensation and reimbursement of expenses.

2. On or about April 7, 2008 (the "Petition Date"), the seven (7) members of the Capco Energy corporate group filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors sought immediate joint administration among their First Day Orders (Docket No. 5). Joint administration and designation as a Complex Chapter 11 Case were ordered on April 11, 2008 (Docket Nos. 23 and 24). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On or about May 21, 2008, the Court entered an Order authorizing Craig H. Cavalier to act as counsel for the Debtors in all matters arising in this proceeding (Docket No. 145). A copy of such Order is attached hereto as Exhibit "A." On April 7, 2008, Applicant filed with the Court a statement disclosing compensation pursuant to §329(a) of the Bankruptcy Code (Docket Nos. 9, Supplements: 16/17, 44/45), a copy of which is attached hereto as Exhibit "B."

4. On June 9, 2008 the Court entered an Order Granting Joint Motion of the Debtors and Official Committee of Unsecured Creditors to Establish Procedures for Payment of Professionals (the "Interim Compensation Order," Docket No. 192). The Interim Compensation Order provides for notice and monthly payment to professionals, with a hold-back of twenty percent (20%) of fees and ten percent (10%) of expenses. Applicant seeks approval for payment of not only the eighty percent (80%) of fees and ninety percent (90%) of expenses previously authorized for payment but also authorization for payment of the twenty percent (20%) of fees and ten percent (10%) of expenses which were subject to the hold-back provisions of the Interim Compensation Order for the period from April 7 through July 31, 2008.

### Prior Fee Applications

5. No prior applications requesting legal fees have been filed by Applicant.

### Interim Fee Application

6. This is Applicant's First Interim Application for Compensation.

7. This Interim Application covers the allowance of compensation for professional services performed from April 7 through and including July 31, 2008.

8. During the period covered by this Application, Applicant expended a total of 610.67 hours for professional services rendered on behalf of the Debtors. A complete and itemized accounting of the foregoing time is provided in Exhibit "C" attached hereto, which Exhibit records the daily time reports of the Applicant, including a description of the nature and substance of the services rendered, and costs incurred, the date on which the services were performed and costs advanced, and the attorney, clerk or paralegal who performed the services and the amount of time actually spent. Accordingly, and based on such rates, the value of the professional services rendered by Applicant during the period April 7 through July 31, 2008, totals One Hundred Sixty-Five Thousand One

Hundred Twenty-Four and 00/100 Dollars ($165,124.00) of professional fees and Two Thousand Two Hundred Thirty-Nine and 19/100 Dollars ($2,239.19) of expenses, in an aggregate amount of One Hundred Sixty-Seven Thousand Three Hundred Sixty-Three and 19/100 Dollars ($167,363.19).

9. During the period April 7 through July 31, 2008, covered by this interim application, Applicants incurred aggregate expenses in the amount of Two Thousand Two Hundred Thirty-Nine and 19/100 Dollars ($2,239.19). Itemization of the expenses incurred in the performance of the legal services by category is included in the aggregate in Applicants' Exhibit "D."

10. An analysis of the twelve (12) factors set forth in the case of *In re First Colonial Corporation of America,* 544 F.2d 1291 (5th Cir. 1977) governs the Court's determination of the propriety of the fee requested by the Applicants. An analysis of those factors is attached hereto as Exhibit "E."

11. There is no agreement or understanding between Applicants and any other person for the sharing of compensation except as allowed by Bankruptcy Rule 2016. All professional services for which allowance of compensation is requested were performed by Applicants for and on behalf of the Debtors, and not on behalf of any creditor or any other person.

## Summary of Services Rendered

10. The Debtors own certain oil and gas properties in Federal offshore waters and in state waters off of Texas.

11. There is one major secured creditor in this case which is Union Bank of California. The Court has also appointed an Unsecured Creditors Committee, which is represented by counsel. The unsecured claims against the Debtors total approximately Twenty-Eight Million Dollars ($28,000,000).

12. The Debtor has determined in the exercise of its sound business judgment that the marketing and sale of *certain* oil and gas properties will generate the most value for the benefit of the creditors of the estate, with the least amount of risk of diminution in the value of the property. Some property has already been sold

13. The services rendered by Applicants to Debtors during the period covered by this Application have been placed in nine (9) separate project categories. The project categories are as follows:

    a. Cash Collateral;

    b. Tana Sale;

    c. Non-Tana Sale;

    d. Operations;

    e. Litigation-Non Tana;

    f. Litigation-Tana;

    g. Schedules/Administration;

    h. Interface with Creditors Committee; and

    i. Plan

14. An analysis of the time spent in performance of each such service, and the attorney(s) performing such service, is as follows:

### Analysis of Services Rendered

a. <u>Cash Collateral</u>. This category involves telephone and in person meetings with Debtors and other counsel concerning Cash Collateral; Preparation of Cash Collateral Motion; Attendance at hearing on same; Numerous drafts of Interim and Final Cash Collateral Order and other related Cash Collateral matters.

The time spent performing services under this category was 40.61 hours at a cost to the estate of Thirteen Thousand Seventy-Three and 25/100 Dollars ($13,073.25). The persons performing the services, the time spent by each and the cost of those services are as follows:

| Attorneys | Hours | Rate | Amount |
|---|---|---|---|
| Craig H. Cavalier | 30.00 | $350.00 | $10,500.00 |
| James B. Jameson | 7.11 | $325.00 | $ 2,310.75 |
| Paralegal | Hours | Rate | Amount |
| Kristi Simon | 3.50 | $75.00 | $   262.50 |
| TOTALS | 40.61 | | $13,073.25 |

b. <u>Tana Sale</u>. This category involves various meetings/phone conferences with Debtors and other counsel related to Tana Sale and broker contracts; preparation of related motions (including Motion to Engage Marketing Agent and proposed Sale Motion and drafts) and attendance at related hearings.

The time spent performing services under this category was 158.92 hours at a cost to the estate of Forty-Six Thousand Five Hundred Sixteen and 50/100 Dollars ($46,516.50). The persons performing the services, the time spent by each and the cost of those services are as follows:

| Attorneys | Hours | Rate | Amount |
|---|---|---|---|
| Craig H. Cavalier | 119.20 | $350.00 | $41,720.00 |
| James B. Jameson | 7.27 | $325.00 | $ 2,362.75 |
| Paralegal | Hours | Rate | Amount |
| Kristi Simon | 32.45 | $75.00 | $ 2,433.75 |
| TOTALS | 158.92 | | $46,516.50 |

c. <u>Non-Tana Sale</u>. This category involves various meetings/phone conferences with Debtors and other counsel related to the Non-Tana Sale and broker contracts; preparation of related motions (including Motion to Engage Marketing Agent and proposed Sale Motion and drafts) and attendance at related hearings.

The time spent performing services under this category was 38.02 hours at a cost to the estate of Ten Thousand Seven Hundred Eighty-Four and 00/100 Dollars ($10,784.00). The persons performing the services, the time spent by each and the cost of those services are as follows:

| Attorneys | Hours | Rate | Amount |
|---|---|---|---|
| Craig H. Cavalier | 28.10 | $350.00 | $ 9,835.00 |
| James B. Jameson | 0.82 | $325.00 | $    266.50 |

| Paralegal | Hours | Rate | Amount |
|---|---|---|---|
| Kristi Simon | 9.10 | $75.00 | $    682.50 |
| TOTALS | 38.02 | | $10,784.00 |

d. <u>Operations</u>. This category involves numerous in person and telephone conferences with Debtors concerning miscellaneous operational matters, including financial and miscellaneous litigation matters and preparation of budget.

The time spent performing services under this category was 28.25 hours at a cost to the estate of Eight Thousand Nine Hundred Eleven and 25/100 Dollars ($8,911.25). The persons performing the services, the time spent by each and the cost of those services are as follows:

| Attorneys | Hours | Rate | Amount |
|---|---|---|---|
| Craig H. Cavalier | 24.70 | $350.00 | $8,645.00 |

| Paralegal | Hours | Rate | Amount |
|---|---|---|---|
| Kristi Simon | 3.55 | $75.00 | $   266.25 |
| TOTALS | 28.25 | | $8,911.25 |

e. <u>Litigation: Non-Tana</u>. This category involves various meetings/phone conferences with Debtors and other counsel related to Non-Tana state court and AP litigation; preparation of related motions (including Motion to Compromise (TRRC)) and attendance at related hearings.

The time spent performing services under this category was 86.67 hours at a cost to the estate of Twenty-Three Thousand Eight Hundred Thirty-Five and 25/100 Dollars ($23,835.25).

The persons performing the services, the time spent by each and the cost of those services are as follows:

| Attorneys | Hours | Rate | Amount |
|---|---|---|---|
| Craig H. Cavalier | 33.20 | $350.00 | $11,620.00 |
| James B. Jameson | 32.82 | $325.00 | $10,666.50 |
| | | | |
| Paralegal | Hours | Rate | Amount |
| Kristi Simon | 20.65 | $75.00 | $ 1,548.75 |
| TOTALS | 86.67 | | $23,835.25 |

f. <u>Litigation: Tana</u>. This category involves various meetings/phone conferences with Debtors and other counsel related to Tana-related litigation; preparation of related pleadings (including Answer to Complaint and Notice of Removal-Hoactzin litigation and First Day Motions) and attendance at related hearings.

The time spent performing services under this category was 85.45 hours at a cost to the estate of Twenty-Four Thousand Two Hundred Fifty and 00/100 Dollars ($24,250.00). The persons performing the services, the time spent by each and the cost of those services are as follows:

| Attorneys | Hours | Rate | Amount |
|---|---|---|---|
| Craig H. Cavalier | 60.65 | $350.00 | $21,227.50 |
| James B. Jameson | 4.65 | $325.00 | $ 1,511.25 |
| | | | |
| Paralegal | Hours | Rate | Amount |
| Kristi Simon | 20.15 | $75.00 | $ 1,511.25 |
| TOTALS | 85.45 | | $24,250.00 |

g. <u>Schedules/Administration</u>. This category involves various meetings/phone conferences with Debtors and other counsel related to Schedules, Statements of Financial Affairs, proofs of claim and other administrative matters; preparation, drafts and amendments and filing of Schedules and Statements of Financial Affairs; preparation and filing of Suggestions of Bankruptcy; First Day Motions; monthly operating reports; Applications to Employ; preparation of timesheets and other miscellaneous matters related to administration of the Debtors' Chapter 11 cases;

Attendance at related hearings, 341 meeting and initial debtor conference; preparation and filing of notices of hearings.

The time spent performing services under this category was 135.26 hours at a cost to the estate of Twenty-Eight Thousand Eight Hundred Thirty-Seven and 00/100 Dollars ($28,837.00). The persons performing the services, the time spent by each and the cost of those services are as follows:

| Attorneys | Hours | Rate | Amount |
|---|---|---|---|
| Craig H. Cavalier | 61.10 | $350.00 | $21,385.00 |
| James B. Jameson | 7.56 | $325.00 | $ 2,457.00 |

| Paralegal | Hours | Rate | Amount |
|---|---|---|---|
| Kristi Simon | 66.60 | $75.00 | $ 4,995.00 |
| TOTALS | 135.26 | | $28,837.00 |

h. <u>Interface with Creditors Committee</u>. This category involves numerous meetings/teleconferences with counsel for and members of the Unsecured Creditors Committee.

The time spent performing services under this category was 3.5 hours at a cost to the estate of One Thousand Two Hundred Twenty-Five and 00/100 Dollars ($1,225.00). The persons performing the services, the time spent by each and the cost of those services are as follows:

| Attorneys | Hours | Rate | Amount |
|---|---|---|---|
| Craig H. Cavalier | 3.5 | $350.00 | $1,225.00 |
| TOTALS | 3.5 | | $1,225.00 |

i. <u>Plan</u>. This category involves various meetings/phone conferences with Debtors and other counsel related to the Plan and Disclosure Statement; preparation (including extensive legal research) and numerous revisions and amendments to Plan and Disclosure Statement and related pleadings; attendance at hearings on same; service of same.

The time spent performing services under this category was 33.99 hours at a cost to the estate of Seven Thousand Six Hundred Ninety-One and 75/100 Dollars ($7,691.75). The persons performing the services, the time spent by each and the cost of those services are as follows:

| Attorneys | Hours | Rate | Amount |
|---|---|---|---|
| Craig H. Cavalier | 7.30 | $350.00 | $2,555.00 |
| James B. Jameson | 12.54 | $325.00 | $4,075.50 |
| Paralegal | Hours | Rate | Amount |
| Kristi Simon | 14.15 | $75.00 | $1,061.25 |
| TOTALS | 33.99 | | $7,691.75 |

15. On or about April 6, 2008, the Debtors delivered a retainer in the amount of Seventy-Five Thousand Dollars ($75,000.00) which was deposited in the Applicant, Craig H. Cavalier's trust account.

16. Interim Application. Applicant requests the Court to authorize compensation to be paid to Applicant for the period April 7 through July 31, 2008 in the amount of One Hundred Sixty-Five Thousand One Hundred Twenty-Four and 00/100 Dollars ($165,124.00), including Twenty-Four Thousand Two Hundred Seventy-One and 80/100 Dollars ($24,271.80) incurred but withheld during the period covered by this First Interim Application, representing the value of services performed during the period covered by this Application. In addition, Applicant requests that this Court authorize reimbursement to it for out-of-pocket expenses totaling Two Thousand Two Hundred Thirty-Nine and 19/100 Dollars ($2,239.19) incurred during this period, including One Hundred and 12/100 Dollars ($100.12) incurred but withheld during the period covered by this First Interim Application. Applicant seeks approval of the amounts already paid pursuant to the Interim Compensation Order as well as those amount incurred but withheld during this period.

17. Applicant believes the compensation and reimbursement of expenses sought herein are reasonable and represent work that was necessary to the proper administration of the estates.

**WHEREFORE, PREMISES CONSIDERED,** Applicant prays that this Court, after notice and opportunity for hearing, approve this First Interim Application for Compensation, covering the period April 7 through July 31, 2008, including all previous payments of compensation and reimbursement of expenses to Applicant, and releasing the hold-back of 20% of fees and 10% of expenses for the months covered by this Application. The total amounts sought are compensation of One Hundred Sixty-Five Thousand One Hundred Twenty-Four and 00/100 Dollars ($165,124.00) in professional fees and Two Thousand Two Hundred Thirty-Nine and 19/100 Dollars ($2,239.19) in reimbursement of expenses, totaling One Hundred Sixty-Seven Thousand Three Hundred Sixty-Three and 19/100 Dollars ($167,363.19), for the period covered by this Interim Application. These amounts include Twenty-Four Thousand Two Hundred Seventy-One and 80/100 Dollars ($24,271.80) in professional fees and One Hundred and 12/100 Dollars ($100.12) in reimbursement of expenses, totaling Twenty-Four Thousand Three Hundred Seventy-One and 92/100 Dollars ($24,371.92), incurred but withheld during the period covered by this First Interim Application. Applicant also seeks approval of the amounts already paid under the Monthly Fee Statements for April, May and June 2008, pursuant to the Interim Compensation Order, with all such payments being priority administrative expenses under 11 U.S.C. §507(1), and such other and further relief to which Applicant may be entitled.

DATED:  August 26, 2008.

Respectfully submitted,

**CRAIG H. CAVALIER, ATTORNEY AT LAW**

By:   /s/ Craig H. Cavalier
      CRAIG H. CAVALIER
      State Bar No. 04022075
      3355 West Alabama St., Ste. 1160
      Houston, TX 77098
      (713) 621-4720 - Telephone
      (713) 621-4779 - Facsimile
      *Counsel for Debtors-in-Possession*

## CERTIFICATION BY PROFESSIONAL

I certify to the following: (1) that I have read the foregoing Application; (2) that to the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the guidelines of the Southern District of Texas, Houston Division, except as specifically noted in the application; and (3) that the compensation and expenses reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the Applicant and generally accepted by the Applicant's clients.

  /s/ Craig H. Cavalier
CRAIG H. CAVALIER

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing instrument has been forwarded to the following parties listed below, via first class mail, postage prepaid, electronic notice or facsimile this 26th day of August, 2008, as well as all other parties requesting notice via electronic service:

      Office of US Trustee
      515 Rusk Street, Ste. 3516
      Houston, TX 77002

  /s/ Craig H. Cavalier
CRAIG H. CAVALIER