IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CAPCO ENERGY, INC., f/k/a | § | |
| AMCO PETROLEUM, INC., | § | CASE NO. 08-32282 |
| CAPCO ASSET MANAGEMENT, INC., , | § | CASE NO. 08-32283 |
| CAPCO OPERATING CORPORATION, | § | CASE NO. 08-32284 |
| AMCO ENERGY, INC., f/k/a | § | |
| CAPCO OFFSHORE, INC., | § | CASE NO. 08-32285 |
| CAPCO OFFSHORE OF TEXAS, INC. | § | |
| f/k/a AMCO OFFSHORE, INC., | § | CASE NO. 08-32286 |
| PACKARD GAS COMPANY f/k/a | § | |
| AMCO OIL COMPANY, | § | CASE NO. 08-32288 |
| SOLANO WELL SERVICES, LLC, | § | CASE NO. 08-32289 |
| | § | JOINTLY ADMINISTERED UNDER |
| Debtors. | § | CASE NO. 08-32282 |
| | § | |
| | § | |

**HOACTZIN PARTNERS, L.P.'S MOTION TO ENFORCE SALE
ORDER OR, ALTERNATIVELY FOR ALLOWANCE AND
<u>PAYMENT OF ADMINISTRATIVE EXPENSE</u>**

**IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND TO EACH PARAGRAPH OF THIS MOTION, OBJECTING SPECIFICALLY. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY (20) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THIS NOTICE. OTHERWISE, THE COURT MAY TREAT THIS MOTION AS UNOPPOSED AND GRANT THE RELIEF SOUGHT.**

**IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.**

**TO THE HONORABLE WESLEY STEEN, U.S. BANKRUPTCY JUDGE:**

Hoactzin Partners, L.P. ("Hoactzin") files this Motion to Enforce Sale Order or, Alternatively for Allowance and Payment of Administrative Expense and would respectfully show the Court as follows:

## I.
## BACKGROUND AND RELEVANT FACTS

1.  On April 7, 2008 (the "Date of Bankruptcy"), Capco Energy, Inc. f/k/a Amco Petroleum, Inc., Capco Asset Management, Inc., Capco Operating Corporation, Amco Energy, Inc. f/k/a Capco Offshore, Inc., Capco Offshore of Texas, Inc., f/k/a Amco Offshore, Inc., Packard Gas Company f/k/a Amco Oil Company and Solano Well Services, L.L.C. (collectively referred to as the "Debtors") filed their voluntary petitions under Chapter 11 of the Bankruptcy Code. Since the filing of the petitions, the Debtors have remained in possession of their assets as Debtors-in-Possession under §§ 1107 and 1108 of the Bankruptcy Code.

2.  On July 18, 2008, the Court approved the Debtors' sale of the Tana Properties[1] ("Sale") to Hoactzin Partners, L.P. ("Hoactzin") by purchase and sale agreement ("PSA").

3.  The Court approved certain modifications to the Sale Order on August 18, 2008 (Docket No. 326) ("Modified Sale Order"). The Modified Sale Order established the effective date of the Sale as August 11, 2008 ("Effective Date of Sale").

4.  Section 10.02 of the PSA provides that "all proceeds, receipts, credits, income, and charges attributable to the Subject Interests and attributable to production after the Closing Date will be Buyer's property and responsibility." Accordingly, since the Effective Date of Sale is August 11, 2008, 2/3rds of the August 2008 revenues from the Tana properties were to be paid

---

[1] As that term is defined in the *Order Approving Sale of Oil and Gas Properties Free & Clear of All Liens, Claims, Encumbrances, & Other Interests; Authorizing Payment of Certain Claims and Closing Expenses; and Approving Debtors' Motion to Compromise Controversy with Hoactzin Partners, L.P.* [Dkt. No. 279] (the "Sale Order"), entered on July 18, 2008 in these Bankruptcy Cases.

**MOTION TO ENFORCE ORDER - PAGE 2**

to Hoactzin and Hoactzin was to receive reimbursement for 1/3rd of August 2008 expenses (such revenues and the expense reimbursement being hereinafter collectively referred to as the "August Tana Revenues"). Hoactzin has never received the August Tana Revenues that it is entitled to under the PSA. As reflected on the summary attached hereto as Exhibit "A", the total amount of the August Tana Revenues due Hoactzin under the Sale Order and the PSA is $224,243.40.[2]

5.    On May 28, 2009, the Debtors filed their Third Amended Chapter 11 Plan of Reorganization ("Plan"). Hoactzin objected to the Plan on the basis that, *inter alia*, it had not received the August Tana Revenues and the Plan did not provide explicitly for their payment to Hoactzin. The Confirmation Order entered by the Court on July 1, 2009 ("Confirmation Order") does not impair Hoactzin's right to payment of the August Tana Revenues, as it provides:

> Nothing in this Confirmation Order nor the Third Amended Plan shall be deemed to modify or prejudice any parties' rights under any of the following: the Court's Order Approving Sale of Oil and Gas Properties Free & Clear of All Liens, Claims, Encumbrances, & Other Interests; Authorizing Payment of Certain Claims and Closing Expenses; and Approving Debtors' Motion to Compromise Controversy with Hoactzin Partners, L.P. (Docket No. 279) (the "Sale Order"), entered on July 18, 2008; the Stipulation Regarding Modifications to the Sale Order approved by the Court on August 18, 2008 (Docket No. 326); the Escrow Agreement dated August 18, 2008 by and between Hoactzin Partners, L.P. and Craig H. Cavalier, Attorney at Law relating to $300,000 escrowed by Hoactzin Partners, L.P. for satisfaction of certain valid and secured "tax, maritime lien or other similar" lien claims against the Tana Properties ("Escrow Agreement"); or the Purchase and Sale Agreement dated August 18, 2008 between the Debtors and Hoactzin Partners, L.P. for the sale of the Tana Properties ("PSA"). All parties to the Escrow Agreement and the PSA (collectively, the " Tana Closing Documents") expressly reserve all rights under such agreements and nothing in this Confirmation Order or the Third Amended Plan shall be deemed a waiver or compromise of any rights or claims under the Tana Closing Documents.

Confirmation Order p. 10-11 ¶ 6.

---

[2] The total amount includes the 1/3 of August expenses that Hoactzin paid and has not been reimbursed for in the amount of $56,073.52 and includes a credit to the bankruptcy estate in the amount of $61,722.52 for August bond premiums.

**<u>MOTION TO ENFORCE ORDER</u> - PAGE 3**

## II.
## RELIEF REQUESTED

Pursuant to 11 U.S.C. § 105(a) the Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of title 11. The Debtors are in knowing violation of the Sale Order and the PSA by not turning over the August Tana Revenues to Hoactzin. On multiple occasions, Hoactzin has requested payment of the August Tana Revenue, but such requests have been refused. Here there is no doubt that the Sale Order and the PSA should be enforced. The PSA provides that all revenues after the Effective Date of the Sale are the property Hoactzin and the Sale Order provides that the Effective Date of the Sale is August 11, 2008. Hoactzin has been without the August Tana Revenues for over 1 year now and the Debtors have no legitimate basis for not turning over the revenue. As a result, the Court should enforce the Sale Order and the PSA and order turnover of the August Tana Revenues to Hoactzin in the amount of $224,243.40 plus interest and attorneys' fees for having to file this Motion.

11 U.S.C. § 503(b) provides that there shall be allowed administrative expenses including the actual, necessary costs and expenses of preserving the estate. Section 503(b) serves two overriding policy objectives: (1) to preserve value of the estate for benefit of its creditors; and (2) to prevent unjust enrichment of the estate at expense of its creditors. *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.,* 789 F.2d 98, 101 (2d Cir.1986); *see also American A. & B. Coal Corp. v. Leonardo Arrivabene, S.A.,* 280 F.2d 119, 126 (2d Cir.1960).

As stated, the Debtors have had the benefit of the August Tana Revenues belonging to Hoactzin for over 1 year. Hoactzin paid substantial consideration for the purchase of the Tana Properties and such purchase was approved by this Court with explicit findings that it was in the best interests of the estate. Therefore, there is no doubt that the estate benefited from the Sale and the cash constituting the August Tana Revenues. As such, Hoactzin is entitled to allowance of an

administrative expense claim in the amount of $224,243.40 plus interest ("Administrative Claim") and Hoactzin requests immediate payment of the Administrative Claim. The Debtors have confirmed a plan and are and have been paying other administrative claims. There is no reason to further deny Hoactzin the August Tana Revenues.

WHEREFORE, Hoactzin requests the Court (i) grant this Motion and order immediate turnover of the August Tana Revenues to Hoactzin plus interest and attorneys fees for prosecuting this Motion in an amount not less than $2,500.00, or (ii) enter an order allowing Hoactzin an administrative expense claim for the $224,243.40 August Tana Revenues, plus interest, and (iii) grant Hoactzin such other and further relief to which it may show itself entitled.

              Respectfully submitted,

              **QUILLING, SELANDER, CUMMISKEY**
                **& LOWNDS, P.C.**
              2001 Bryan Street, Suite 1800
              Dallas, Texas  75201
              (214) 871-2100 (Telephone)
              (214) 871-2111 (Fax)

              By: _/s/ Timothy A. York_
                Martin P. Averill
                Texas Bar No. 24025231
                Christopher J. Moser
                Texas Bar No. 14572500
                Timothy A. York
                Texas Bar No. 24035719

              **ATTORNEYS FOR HOACTZIN PARTNERS, L.P.**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon all counsel of record on this 14th day of August 2009, in accordance with the Federal Rules of Bankruptcy Procedure and the Southern District of Texas Local Rules as follows:

*VIA ECF*:

| | | |
|---|---|---|
| Craig Harwyn Cavalier<br>3355 West Alabama, #1160<br>Houston, Texas  77098<br>ccavalier@cavalierlaw.com | James B. Jameson<br>3355 West Alabama Street, #1160<br>Houston, Texas  77098<br>jbjameson@jamesonlaw.net | U.S. Trustee<br>USTPRegion07.HU.ECF@usdoj.gov |
| Hal F. Morris<br>Office of Attorney General<br>PO Box 12548<br>Austin, Texas  78711-2548<br>hal.morris@oag.state.tx.us | Jason Gary Cohen<br>Bracewell & Giuliani LLP<br>711 Louisiana, Suite 2300<br>Houston, Texas  77002<br>jason.cohen@bgllp.com | William A. (Trey) Wood, III<br>Bracewell & Giuliani LLP<br>711 Louisiana, Suite 2300<br>Houston, Texas  77002<br>Trey.Wood@bracewellgiuliani.com |
| James Arthur Collura<br>Coats Rose<br>3 East Greenway Plaza, #2000<br>Houston, Texas  77046<br>jcollura@coatsrose.com | Carl Doré<br>Doré & Associates, Attorneys<br>17171 Park Row, Suite 350<br>Houston, Texas  77084<br>carldore@doreassociates.com | Hector Duran<br>U.S. Department of Justice<br>1433 West Loop South, #600<br>Houston, Texas  77027-9506<br>hector.duran.jr@usdoj.gov |
| Michael J. Darlow<br>mdarlow@pbfcm.com<br>Yolanda M. Humphrey<br>houbank@pbfcm.com<br>Perdue Brandon Fielder Collins<br>   & Mott LLP<br>1235 N. Loop W., Suite 600<br>Houston, Texas  77008 | Peter Michael Reed<br>McCreary, Veselka, Bragg<br>   & Allen, P.C.<br>P.O. Box 1269<br>Round Rock, Texas  78680<br>dgibson@mvbalaw.com | John P. Dillman<br>Linebarger Goggan Blair &<br>   Sampson, LLP<br>1301 Travis, Suite 300<br>Houston, Texas  77002<br>Houston_bankruptcy@publicans.com |
| E. Kathleen Shahan<br>U.S. Department of Justice<br>1433 West Loop South, #600<br>Houston, Texas  77027-9506<br>kathie.shahan@usdoj.gov | James Matthew Vaughn<br>Porter & Hedges, L.L.P.<br>1000 Main Street, 36th Floor<br>Houston, Texas  77002<br>mvaughn@porterhedges.com | W. Ross Spence<br>Snow Fogel Spence LLP<br>2929 Allen Parkway, #4100<br>Houston, Texas  77019<br>rossspence@snowfogel.com |
| W. Steven Bryant<br>Locke Lord Bissell & Liddell<br>3400 JP Morgan Chase Tower<br>600 Travis<br>Houston, Texas  77002<br>hobankecf@lockelord.com | Philip Eisenberg<br>Locke Lord Bissell & Liddell<br>3400 JP Morgan Chase Tower<br>600 Travis<br>Houston, Texas  77002<br>peisenberg@lockelord.com | Susan C. Mathews<br>Adams and Reese, LLP<br>4400 One Houston Center<br>1221 McKinney Street<br>Houston, Texas  77010<br>susan.mathews@arlaw.com |
| Robin B. Cheatham<br>Adams and Reese, LLP<br>4500 One Shell Square<br>701 Poydras Street, Suite 4500<br>New Orleans, LA  70139 | Michael D. Rubenstein<br>Liskow & Lewis<br>First City Tower<br>1001 Fannin, Suite 1800<br>Houston, Texas  77002 | Lynne Marie Jurek<br>Phillips & Akers, P.C.<br>3200 Southwest Freeway<br>Suite 3200<br>Houston, Texas  77027 |

**MOTION TO ENFORCE ORDER - PAGE 6**

| | | |
|---|---|---|
| cheathamrb@arlaw.com | mdrubenstein@liskow.com | lynne.jurek@phillipsakers.com |
| Kevin M. Maraist<br>Anderson, Lehrman Barre &<br>   Maraist, L.L.P.<br>Gaslight Square<br>1001 Third Street, Suite 1<br>Corpus Christi, Texas  78404<br>kmaraist@albmlaw.com | Annie E. Catmull<br>McClain & Patchin, P.C.<br>South Tower, Pennzoil Place<br>711 Louisiana, Suite 3100<br>Houston, Texas  77002-2711<br>Catmull@mcclainpatchin.com | Robert S. Reich<br>Reich, Album & Plunkett<br>1000 Two Lakeway Center<br>3850 North Causeway Blvd.<br>Metairie, Louisiana  70002<br>rreich@rapllclaw.com |
| Joel P. Kay<br>Hughes Watters Askanase<br>Three Allen Center<br>333 Clay, 29th Floor<br>Houston, Texas  77002<br>jkay@hwallp.com | William H. Seele<br>Julian & Seele, P.C.<br>11767 Katy Freeway, #350<br>Houston, Texas  77079-1735<br>wseele@julianandseele.com | Michael J. McGinnis<br>El Paso Corporation<br>1001 Louisiana, Suite E1943A<br>Houston, Texas  77002<br>michael.j.mcginnis@elpaso.com |

*VIA FIRST CLASS MAIL, POSTAGE PREPAID*:

| | | |
|---|---|---|
| Internal Revenue Services<br>Insolvency Section II<br>1919 Smith Street<br>STOP 5022 HOU<br>Houston, Texas  77002 | Christine A. March<br>U.S. Trustee<br>515 Rusk Street, Suite 3515<br>Houston, Texas  77002 | Thomas J. Smith<br>Galloway, Johnson, Tompkins<br>1301 McKinney, Suite 1400<br>Houston, Texas  77010 |
| Fidelity Bank<br>1127 NW 2d Street<br>Oklahoma City, OK  73106 | Oklahoma Corp. Comm'n<br>P.O. Box 5200<br>Oklahoma City, OK  73152 | Energy Partners, Ltd.<br>P.O. Box 973689<br>Dallas, Texas  75397-3689 |
| Energy Resource Tech<br>P.O. Box 4346, Dept. 354<br>Houston, Texas  77210-4346 | Gerald Nichols<br>P.O. Box 268<br>Winchester, CA  92596 | Harvest Oil and Gas, LLC<br>67201 Industry Lane<br>Covington, LA  70433 |
| Hercules Liftboat Co., LLC<br>Dept. 819, P.O. Box 4346<br>Houston, Texas  77210-4346 | Omimex<br>2001 Beach Street, Suite 810<br>Fort Worth, Texas  76103 | Production Service Network<br>P.O. Box 840162<br>Dallas, Texas  75284-0162 |
| John H. Blair<br>Hunt Chieftain Development<br>1900 N. Akard Street<br>Dallas, Texas  75202-2300 | Moncla Well Services Inc.<br>P.O. Box 62600<br>Dept. 1084<br>New Orleans, LA  70162-2600 | Production Wireline & Cased<br>   Hole Services Group, LLC<br>110 Thru Way Park Road<br>Broussard, LA  70518 |
| Sonia U. Chae<br>Securities & Exchange Comm.<br>175 West Jackson Blvd., #900<br>Chicago, Illinois  60604 | Texas General Land Office<br>1700 North Congress Avenue<br>Austin, Texas  78701 | Walter Oil & Gas Corp.<br>P.O. Box 200036<br>Houston, Texas  77216-0036 |

*/s/ Timothy A. York*
  Timothy A. York

**MOTION TO ENFORCE ORDER - PAGE 7**