UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **Capco Energy, Inc** | § | **Case No. 08-32282** |
| **Capco Asset Management, Inc.** | § | **Case No. 08-32283** |
| **Capco Operating Corporation** | § | **Case No. 08-32284** |
| **Amco Energy, Inc.** | § | **Case No. 08-32285** |
| **Amco Offshore, Inc.** | § | **Case No. 08-32286** |
| **Amco Oil Company** | § | **Case No. 08-32288** |
| **Solano Well Service, LLC** | § | **Case No. 08-32289** |
| Debtors | § | Jointly Administered under |
| | § | Case No. 08-32282 |

**DEBTORS' (i) RESPONSE TO HOACTZIN PARTNERS, L.P.'s
MOTION TO ENFORCE SALE ORDER OR, ALTERNATIVELY,
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE;
and (ii) REQUEST TO APPLY PART VII RULES TO CONTESTED MATTER
AND SET RULE 7016 CONFERENCE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW**, **Capco Energy, Inc., f/k/a Amco Petroleum, Inc., Capco Asset Management, Inc., Capco Operating Corporation, Amco Energy, Inc., f/k/a Capco Offshore, Inc., Capco Offshore of Texas, Inc., f/k/a Amco Offshore, Inc., Packard Gas Company, f/k/a Amco Oil Company, and Solano Well Services, LLC** (collectively, "Capco" or, the "Debtors"), Debtors, and file this, their *Response to Hoactzin Partners, L.P.'s Motion to Enforce Sale Order or, Alternatively, for Allowance and Payment of Administrative Expense* and in support thereof would respectfully show unto the Court the following:

RESPONSE TO HOACTZIN PARTNERS, L.P.'S MOTION TO ENFORCE SALE ORDER OR, ALTERNATIVELY, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE

1.  The Debtors admit the factual statements set forth in paragraph one (1) of the *Motion to Enforce Sale Order or, Alternatively, for Allowance and Payment of Administrative Expense* ("Motion").

2. The Debtors admit the factual statements set forth in paragraph two (2) of the Motion.

3. The Debtors admit the factual statements set forth in paragraph three (3) of the Motion.

4. In response to paragraph four (4) of the Motion, the Debtors admit the first sentence which quotes language from Section 10.2 of the PSA. However, the Debtor denies the remaining allegations set forth in paragraph four (4) of the Motion. The Debtors would further allege that the Debtors have offset legitimate AFEs and JIBs of Hoactzin working interests against any funds alleged due, leaving little, if any, balance due.

5. The Debtors admit the factual statements set forth in paragraph five (5) of the Motion. However, the Debtors deny that the Confirmation Order does not impair Hoactzin's right to payment of the August Tana Revenues.

6. The Debtors deny the allegations set forth in the first paragraph of Section II of the Motion. The Debtor is opposed to the relief requested therein.

7. The second paragraph of Section II of the Motion does not require any response from the Debtors, however, for pleading purposes the Debtors admit same.

8. The Debtors deny the allegations set forth in the third paragraph of Section II of the Motion. The Debtor is opposed to the relief requested therein.

9. In further response to the Motion, the Debtors allege that, pursuant to the PSA (as defined in the Motion), Hoactzin Partners, L.P. ("Hoactzin") was responsible for payment of additional secured claims in an amount up to Three Hundred Sixty Thousand and 00/100 Dollars ($360,000.00). Hoactzin has refused to permit the escrow agent under the PSA to release the balance of funds to pay the secured lien claims of Walter Oil & Gas Corporation, Southern Natural Gas Company, Energy Resource Technology (if resolved), Key Energy Services, Inc. and Coastal Production, LLC. The Debtors would respectfully

    request that Hoactzin be directed to instruct the escrow agent under the PSA to release the balance of funds to satisfy the secured claims, as set forth in the PSA. Additionally, Hoactzin should be directed to pay other valid secured lien claims against the properties Hoactzin acquired, up to the limits contained in the PSA.

10.     Hoactzin should also be compelled to pay all past due AFEs and JIBs related to its working interest in other oil and gas properties which were not sold to Hoactzin as part of the MSA.

REQUEST TO APPLY PART VII RULES TO CONTESTED MATTER AND SET RULE 7016 CONFERENCE

11.     This Motion is a complicated and complex matter that is not merely a request for administrative payment. The Debtors believe that some discovery will be required to resolve the claims and the counter-demands of the Debtors.

12.     The Debtors, therefore, request that the Court enter an order requiring the application of Rules 7007 through 7071 of Part VII of the Federal Rules of Bankruptcy Procedure to apply to this contested matter and setting a Rule 7016 conference.

    **WHEREFORE, PREMISES CONSIDERED**, the Debtors respectfully pray that the Court take notice of the Debtors' Response and Request and grant the Debtors any relief at law or in equity to which they may show themselves to be justly entitled.

    Respectfully submitted,

    **CRAIG H. CAVALIER, ATTORNEY AT LAW**

By:   /s/ Craig H. Cavalier
      CRAIG H. CAVALIER
      Bar No. 04022075
      3355 West Alabama St., Ste. 1160
      Houston, TX 77098
      (713) 621-4720 - Telephone
      (713) 621-4779 - Facsimile
      *Counsel for Debtors*

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served upon all counsel of record via first class mail, electronic notification, facsimile and/or via certified return receipt requested on September 3, 2009, to wit:

*See attached Service List*

/s/ Craig H. Cavalier
CRAIG H. CAVALIER