IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/26/2010

| | | |
|---|---|---|
| IN RE: | § | |
| CAPCO ENERGY, INC., et al | § | Case No. 08-32282 |
| Debtor | § | (CHAPTER 11) |
| | § | |
| | § | Jointly Administered |
| HOACTZIN PARTNERS, L.P. | § | |
| Movant | § | |
| v. | § | Contested Matters |
| | § | (Motion to Enforce Sale Order |
| | § | or for Administrative Expense and |
| | § | Objection to Claim) |
| | § | |
| CAPCO ENERGY, INC., et al | § | |

**AGREED ORDER REGARDING HOACTZIN PARTNERS, L.P.'S MOTION
TO ENFORCE SALE ORDER OR FOR ADMINISTRATIVE EXPENSE (DKT NO. 693)
AND DEBTORS' OBJECTION TO HOACTZIN'S CLAIM NO. 58 (DKT NO. 666)**

#693

On this day the Court considered the *Motion to Enforce Sale Order or, Alternatively for Allowance and Payment of Administrative Expense* (Docket No. 693) ("Motion to Enforce") filed by Hoactzin Partners, L.P. ("Hoactzin") and the Debtors' *Objection to Proof of Claim Filed by Hoactzin Partners, L.P. Pursuant to Bankruptcy Code Section 502 and Federal Rule of Bankruptcy Procedure 3007* (Docket No. 666) ("Claim Objection"). The Court set the Motion to Enforce and Claim Objection for consolidated trial on February 26, 2010 ("Trial"). Prior to Trial, the parties advised the Court that an agreement with respect to the Motion to Enforce and the Claim Objection has been reached as set forth herein ("Agreement"). The Court finds that good cause exists to approve the Agreement and further finds and orders as set forth below.

IT IS HEREBY FOUND AND DETERMINED THAT:

1. On April 7, 2008 (the "Date of Bankruptcy"), the Debtors filed their voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. On July 3, 2008, the Debtors filed their *First Amended Motion to Sell Oil and Gas*

1

*Properties, Free & Clear of All Liens, Claims & Encumbrances, and Other Interests Pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m,) Eliminating the Ten (10) day Stay under Bankruptcy Rules 6004(h) and 6006(d) and Authoring Payment of Certain Closing Expenses* (the "Amended Sale Motion"), *Combined with Motion Under Fed. R. Bankr. P. 9019 To Compromise Controversy with Hoactzin Partners, L.P.*, (the "Motion to Compromise").

3. Hoactzin Partners filed Proof of Claim number 58 in case number 08-32282 ("Hoactzin Proof of Claim").

4. On July 18, 2008, the Court approved the Debtors' sale of the Tana Properties[1] ("Sale") to Hoactzin by purchase and sale agreement ("PSA"). The Court approved certain modifications to the Sale Order on August 18, 2008 (Docket No. 326) ("Modified Sale Order"). The Modified Sale Order established the effective date of the Sale as August 11, 2008 ("Effective Date of Sale").

5. Under the Modified Sale Order, Hoactzin agreed to put $300,000 in escrow ("Escrowed Funds"), under an escrow agreement with Debtor's counsel ("Escrow Agreement"), to satisfy certain alleged secured claims against Tana Properties if valid and properly secured. The Debtors paid $175,000 from the Escrowed Funds to REC Marine Logistics, LLC ("REC Marine") pursuant to a settlement with REC Marine approved by this Court which is pending on appeal ("Pending Appeal"). After payment to REC Marine and payment of other allowed claims, the amount of the Escrowed Funds currently remaining is approximately $57,000.00.

6. On May 28, 2009, the Debtors filed their Third Amended Chapter 11 Plan of Reorganization ("Plan"). Hoactzin objected to the Plan on the basis that, *inter alia*, it had not

---

[1] As that term is defined in the *Order Approving Sale of Oil and Gas Properties Free & Clear of All Liens, Claims, Encumbrances, & Other Interests; Authorizing Payment of Certain Claims and Closing Expenses; and Approving Debtors' Motion to Compromise Controversy with Hoactzin Partners, L.P.* [Dkt. No. 279] (the "Sale Order"), entered on July 18, 2008 in these Bankruptcy Cases.

2

received the August revenues from the Tana Properties and the Plan did not provide explicitly for their payment to Hoactzin. The Confirmation Order was entered by the Court on July 1, 2009 ("Confirmation Order") whereby substantially all remaining property of the estate was transferred to a third-party purchaser and a liquidating trust ("Plan Trust") was established as successor to the Debtors for payment of claims under the Plan. The Confirmation Order provides:

> Nothing in this Confirmation Order nor the Third Amended Plan shall be deemed to modify or prejudice any parties' rights under any of the following: the Court's Order Approving Sale of Oil and Gas Properties Free & Clear of All Liens, Claims, Encumbrances, & Other Interests; Authorizing Payment of Certain Claims and Closing Expenses; and Approving Debtors' Motion to Compromise Controversy with Hoactzin Partners, L.P. (Docket No. 279) (the "Sale Order"), entered on July 18, 2008; the Stipulation Regarding Modifications to the Sale Order approved by the Court on August 18, 2008 (Docket No. 326); the Escrow Agreement dated August 18, 2008 by and between Hoactzin Partners, L.P. and Craig H. Cavalier, Attorney at Law relating to $300,000 escrowed by Hoactzin Partners, L.P. for satisfaction of certain valid and secured "tax, maritime lien or other similar" lien claims against the Tana Properties ("Escrow Agreement"); or the Purchase and Sale Agreement dated August 18, 2008 between the Debtors and Hoactzin Partners, L.P. for the sale of the Tana Properties ("PSA"). All parties to the Escrow Agreement and the PSA (collectively, the " Tana Closing Documents") expressly reserve all rights under such agreements and nothing in this Confirmation Order or the Third Amended Plan shall be deemed a waiver or compromise of any rights or claims under the Tana Closing Documents.

Confirmation Order p. 10-11 ¶ 6.

7. This Court has jurisdiction over the Motion to Enforce and Claim Objection pursuant to 28 U.S.C. §§ 1334 and 157 and the Plan and Confirmation Order

8. The Motion to Enforce sought payment of revenues under the PSA, after allowance of agreed offsets, to Hoactzin in the amount of $224,243.40, plus interest and attorneys' fees incurred for enforcing the PSA. The Debtors' responded claiming additional offsets arising out of Hoactzin's ownership interest in certain wells unrelated to the Tana

Properties known as the Brazos 440L ("Brazos Wells") and requesting the Court authorize the release of the remaining Escrowed Funds for payment of additional asserted claims.

9. The Debtors filed the Claim Objection asserting that all claims associated with Hoactzin's proof of claim were resolved by the PSA and the Sale Order which also approved the Motion to Compromise.

10. The Motion to Enforce and the Claim Objection were timely filed and notice of the Motion to Enforce and Claim Objection was reasonable and sufficient such that no further notice is required.

11. The Agreement as set forth herein is in the best interests of the estate and the Plan Trust and not inconsistent with the Plan or Confirmation Order and therefore is approved.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED THAT:

1. The Debtors and Mike Myers as Trustee ("Trustee") of the Plan Trust are authorized and directed to pay within three(3) business days hereof the total sum of $293,500.00 to Hoactzin ("Payment") in full and final satisfaction and resolution of the Motion to Enforce, Claim Objection, the Hoactzin Proof of Claim and the Pending Appeal. Upon receipt of the Payment by Hoactzin, counsel for the Debtors, as the escrow agent under the Escrow Agreement, is authorized to pay to the Plan Trust all remaining funds in the escrow account. In addition, the Debtors, the Trustee, and Hoactzin, subject to Hoactzin's receipt of the Payment, each waive and release, as between the Debtors, the Plan Trust and Hoactzin (a) any and all claims related to the Brazos Wells as of the date that this Order is entered; (b) any and all claims relating to Tana revenues and expenses for the month of August 2008; (c) any and all claims under the Escrow Agreement, and (d) any and all claims under the PSA other than those specifically reserved hereunder.

4

2. The Debtors and the Trustee are authorized to execute any documents necessary to consummate the Agreement.

3. Upon receipt of the Payment, Hoactzin shall dismiss the Pending Appeal, number 4:09-CV-2362 with prejudice.

4. Nothing in this Order shall be deemed to be a waiver or otherwise impair or infringe upon Hoactzin's rights, if any, against the estate, the Debtors or the Plan Trust to reimbursement for any gas imbalance claim(s) made by McMoRan Oil and Gas, LLC relating to Ship Shoal 145 or 159 and accruing prior to the Effective Date of the Sale. In turn, nothing in this order shall be deemed an acknowledgement, waiver or release of defenses or adverse positions, if any, of the estate, the Debtors or the Plan Trustee relating to any such gas imbalance claim or reimbursement therefor.

5. This order shall be effective immediately upon entry.

SIGNED Feb. 26, 2010

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED AS TO FORM AND SUBSTANCE:


*[signature]*
Martin P. Averill
Texas Bar No. 24025231
**QUILLING, SELANDER, CUMMISKEY & LOWNDS, P.C.**
2001 Bryan Street, Ste. 1800
Dallas, TX 75201
(214) 871-2100 - Telephone
(214) 871-2111 - Facsimile
*Attorneys for Hoactzin Partners, L.P.*


*[signature]* By Permission ep
CRAIG H. CAVALIER
Bar No. 04022075
**CRAIG H. CAVALIER, ATTORNEY AT LAW**
3355 West Alabama St., Ste. 1160
Houston, TX 77098
(713) 621-4720 - Telephone
(713) 621-4779 - Facsimile
*Counsel for Capco Energy, Inc., et al*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing instrument has been forwarded to all parties requesting electronic notification via the ECF System this 25th day of February, 2010.

/s/ *Timothy A. York*